FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IVAN POTTS,

(SEE ATTACHED*)

(Full name, prison identification number and address of the plaintiff)

v.

OFC EVODIO C. HENDRIX,

SGT. JENKINS

OFC. MAURICE WARD

(SEE ATTACHED*)

(Full name and address of the defendant(s))

Civil Action No. TDC-16-3187
(Leave blank on initial filing to be filled in by C. ...)

FILED ___ ENTERED
LODGED SLS RECEIVED
SEP 19 2016
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## COMPLAINT

I. **Previous lawsuits**

A. Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

YES ☐   NO ☒

B. If you answered YES, describe that case(s) in the spaces below.

1. Parties to the other case(s):

Plaintiff: _____ NOT APPLICABLE _____

Defendant(s): _____

6

1983 Complaint (Rev. 03/2011)

2. Court (if a federal court name the district; if a state court name the city or county): __NA__

3. Case No.: __NA__

4. Date filed: __NA__

5. Name of judge that handled the case: __NA__

6. Disposition (won, dismissed, still pending, on appeal): _____

   __NA__

7. Date of disposition: __NA__

II. **Administrative proceedings**

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

   YES ☐   NO ☒

   1. If you answered YES:

      a. What was the result? __NA__

      b. Did you appeal?

         YES ☐   NO ☒

   2. If you answered NO to either of the questions above, explain why:
      NO GRIEVANCE SYSTEM EXISTS

III. **Statement of claim**
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

SEE ATTACHED SHEETS**

IV. **Relief**
(State briefly what you want the Court to do for you.)

SEE ATTACHED SHEETS*

SIGNED THIS 13th day of, September, 2016.

_duan R. Potts Jr._
(original signature of plaintiff)

Roxbury Corr. Inst.

18701 Roxbury Road

Hagerstown, MD 21746

(address of plaintiff)

1983 Complaint (Rev. 03/2011)                8

```
                    FILED ____  ENTERED
                    LODGED ___  RECEIVED
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND      SEP 19 2016

                                                AT BALTIMORE
                                           CLERK U.S. DISTRICT COURT
                                             DISTRICT OF MARYLAND
IVAN POTTS,                              BY                    DEPUTY

     Petitioner
                                  :
                                        CIVIL ACTION No. TDC-16-3187
  v.
                                  :

OFC. EVODIO C. HENDRIX,
SGT. JENKINS,
OFC. MAURICE WARD,                :  DATE FILED: 9/13/2016

     Defendants
```

..........oOo..........

### CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

NOW COMES Petitioner Ivan Potts, a state prisoner, for compensatory and punitive damages as well as injunctive relief under 42 U.S.C. §1983, alleging excessing use of force in violation of the Eighth Amendment to the United States Constitution, in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. Plaintiff complaints that defendants violated his rights and they are sued in their individual and official capacities under the color of law.

1. Jurisdiction:

The court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§1331(a) and 1343;

2. Parties:  Plaintiff*

Plaintiff, Ivan Potts,#445-596, SID#2423224 currently resides at the Roxbury Correctional Institution, 18701 Roxbury Road, Hagerstown, MD 21746-1002;

3. Parties, Defendants:

(A) Defendant Evodio C. Hendrix, is a police officer working in the Baltimore Police Department's Northwest District. His I.D.# is 1695, (work phone# (410)396-2466. His work address is BPD, Northwest District, 5271 Reisterstown Road, Balt. Md 21215

(B)   Sgt. Jenkins is a police Officer working in the Police Department's Northwest District. His WORK phone is (410)396-2466, and the address is: BPD, Northwest District, 5271 Reisterstown Road, Balt. Md 21215;

(C)   Defendant Maurice Ward also works for subagency 5906, work #(410)396-2466. At the time of this complaint, he worked for BPD, Northwest District, 5271, Reisterstown RD., Baltimore, MD 21215;

4. All of the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

5. **FACTS RELEVANT TO THE CLAIMS:**

On September 02, 2015, Ofc. Evodio C. Hendrix went to the District Court of Maryland for Baltimore City, 5800 Wabash Avenue, Balt. Md 21215, and filed a "Statement of Probable Cause" against Petitioner. The CC# was #6150900696, (CAD#1603). The "Statement of Probable Cause" contained the following:

Property Recovered/Seized 1) A SILVER AND BLACK RUGER SR40 Caliber Handgun, containing one live 40 caliber round in the chamber and 15 live rounds in the magazine. (Serial #34222425). On 9/2/15, at approximately 1315 hours, your writer Det. Hendrix, along with Sgt. Jenkins and Detective Ward were in the area of West Forrest Park. Investigators were in this area in reference to the recent spike in violent crime, along with numerous reports of potential upcoming violence. During this time, investigators were wearing our police tactical vests with the word police clearly visible on both the front and rear. During this time, I was sitting in the rear passenger seat. Investigators were operating an unmarked police vehicle. While travelling on fairview avenue, towards chelsea terrace, we observed a black male, later identified as Mr. Ivan Potts, walking on the sidewalk from chelsea terrance turning towards us onto the 3900 block of fairview avenue. During this time, Potts was wearing a pair of camoflage cargo pants with a light colored shirt. While Potts was walking, investigators observed his right hand against his midsection or belt area as his left hand was swinging freely. Investigators recognized these observations as being characteristics of an armed person. Sgt. Jenkins continued driving our vehicle up towards the intersection at which time Potts lifted his head and appeared to notice our presence. Suddenly, Potts pulled a handgun out from his midsection were (sic) we observed his right hand as previously described. Potts, with a firearm now in his right hand ran into the first alleyway as detective Ward exited to give chase and further investigate. While detective Ward

-2-

exited the vehicle, your investigators began yelling "he threw it, he threw it!" (referring to the firearm we observed in Potts' right hand, because it was not in his hand. Based upon your investigator's experience, it's a common practice for individuals running from law enforcement to throw the firearm to avoid capture while in possession of a firearm. Detective Ward then followed behind Potts in the rear of 3900 Fairview Avenue as Potts attempted to wedge his body between a wooden and mental fence in the rear of 3900 Bonner. I exited our vehicle and ran into a parallel alleyway in attempts to help with the apprehension of Potts. Your writer then observed Potts running towards me in the rear of 3900 Bonner. Potts then lied (sic) down stomach first on the ground and gave up to police. Detective Ward then placed Potts in police custody. Investigators obserrved a handgun in Potts hand at or near the intersection of fairview on chelsea terrace and not observing the handgun in his hand while he fled from fairview on Chelsea terrace lead investigators to know without a doubt that Potts discarded the weapon between that intersection and were (sic) we turned the corner from fairview onto chelsea terrance which was only several seconds. Potts, now in custody. Sgt Jenkins and I walked back towards the intersection of fairview and chelsea terrace where Potts was observed with the firearm. Recovered immediately was a silver and black handgun lying in the grass just past the corner house located at fairview avenue and chelsea terrace. This was the same path that Potts fled and literally just around the corner where investigators observed a handgun in Potts' right hand. Sgt Jenkins, utilizing gloves, then recovered the firearm at which time it was discovered to be a silver and black Ruger SR 40. This firearm was loaded with one live .40 caliber round in the chamber and another 15 live 40 caliber rounds in the magazine. Potts was then transported to Central Booking. At approximately 1530, or two hours later, investigators received a KGA call (dispatched call) in reference to Potts requesting medical attention for a laceration on his left thigh. Investigators then met Mr. Potts at St. Agnes Hospital. Potts advised investigators that he cut his leg while fleeing from us, referring to law enforcement. Investigators observed no blood or damage to Potts Cargo Pants. Potts received stitches for this laceration and also made complaints about hurt ribs, neck and back. After treatment by St. Agnes medical staff, Potts was released. Potts was then transported back to Central Booking and charged accordingly. The recovered firearm was submitted to evidence control by your writer this same day. The Maryland State police then conducted a criminal history check or inquiry on Potts. This check revealed that Potts is prohibited from owning and or possessing firearms for two felony convictions. All events took place in the City of Baltimore, State of Maryland.

Those claimed facts were asserted by the defendants. Plaintiff's description of the facts are as follows:

### 6. PLAINTIFF'S STATEMENT OF FACTS*

On September 2, 2015, Mr. Potts was walking down Chelsea Terrace, in Baltimore City, Maryland. He was headed to the store, but before he could get to Fairview avenue, an unmarked car turned off of Fairview, (which is a one-way street), and the car instantly turned towards Mr. Potts and stopped. Three (3) officers jumped out and ordered Mr. Potts to come here, and Potts asked "for what?" The officers all responded that they wanted to check Mr. Potts for drugs and guns.

Mr. Potts told the officers he wasn't going to let them check him, because Potts did not do anything wrong. However, Potts pulled out his identification and attempted to hand it to the officers.

Sgt Wayne told Potts to just turn around and put his hands on his head, and let the officers check him. Ofc. Hendrix and Ofc. Ward attempted to grab Mr. Potts' arms, but Potts pulled back, and that is when the two officers slammed Potts down to the ground. The men began wrestling, while on the ground. The three defendants began kicking Mr. Potts, and based upon the number of feet that he felt hitting his body at the same time, Potts knew there were several attackers. Potts balled up in an effort to protect vital parts of his body. Officers were kicking and punching Potts at the same time. One officer pulled out a baton and started hitting Potts with it. At that time, Potts was yelling out "my leg! My leg|" The police turned Potts over, and handcuffed him. Two officers walked into an alley and began searching. They eventually returned and had a gun with them..

Sgt. Jenkins began smiling and told me that the gun was mine. While he laughed and tried to place the handgun in Mr. Potts hand, £as if he was trying to put Potts' fingerprints on the gun. Potts was seated on the curb, and restrained when that happened.

Potts attempted to stand up when Jenkins attempted to put the pun in Potts' hand, and at that time, Ofc. Ward and Ofc. Hendrix slammed Potts down and began hitting, punching and kicking Potts.

Potts was transferred to the bookings facility, and they "refused" to accept Potts because he had a huge gash in his leg. In addition, Mr. Potts had bruises on his ribs, head, and other areas.

The patty wagon driver interviewed Potts, asking him

what happened to him that caused the injuries. Potts explained to the driver exactly what happened. The defendants were called by the transportation officer, to take Mr. Potts to the hospital, and the patty-wagon driver and defendants began to argue back and forth. The patty-wagon driver transported Potts to the hospital.

Mr. Potts was interviewed by the nurse, where he advised her that he was beaten, assaulted and kicked, as well as beaten with a baton. Potts received medical care for his injuries, to include stitches, treatment for rib contusions, and head contusions. He was then transferred back to Central Bookings.

## 7. GROUNDS

(a) The defendants violated Potts' eighth amendment rights when using excessive force after he was restrained;

(b) Defendants' attempted to hide their illegal actions by forcing the paddy-wagon driver to take Potts to the hospital;

(c) Defendants are not immune from suit

(d) Defendants are sued in their official and individual capacities;

(e) Plaintiff is entitled to relief, stemming from the violations of his constitutional rights;

(f) Plaintiff's injuries were sustained without detailed damage to his clothing;

(g) Defendants denied Plaintiff the equal protection of the law, which is implied including due process;

(h) All defendants have acted, and continue to act under the color of State law at times relevant to this complaint;

(i) At no time did Plaintiff ever assault defendants;

(j) Plaintiff's rights were violated when he was assaulted while restrained;

(k) Defendants did nothing to intervene when Plaintiff was being attacked with the baton, while he was handcuffed;

(l) Plaintiff was subjected to the misuse of force by several Baltimore City police officers, some of whom actively beat and kicked him and others of whom watched and failed to intervene;

(m) Supervisors were aware of the violent propensities of some of the officers and are liable for failing to take action to control them.

(n) Plaintiff suffered from pain, mental anguish, emotional stress, and other damages that were permanant in nature;

(o) Defendant committed perjury, and attempted to hide their illegal and unconstitutional actions by falsification of records related to the event;

(p) Defendants failed to abide by their own regulations when exercising excessive force;

(q) Defendants falsified records regarding how Plaintiff was injured, and falsified records that would justify the use of force;

(r) The actions of the defendants was malicious, sadistic, and intentional;

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests the court grant the following relief:

A. Issue a declaratory judgement stating that defendants violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law;

(2) Defendant's failure to take action to curb the physical abuse of Plaintiff violated the Eighth Amendment to the United States Constitution

B. Award compensatory damages in the following amounts;

1. $1,000.000.00 jointly against defendants for the physical and emotional injuries sustained as a result of the Plaintiff's beating, and for injuries sustained which are permanant in nature;

2. $500.000.00 in punitive damages jointly against the defendants

C. Grant such other relief as it may appear that Plaintiff is entitled.

DATE: 9/13/2016

Respectfully Submitted;

*Ivan R. Potts Jr.*
Ivan Potts, #445-596
Roxbury Correctional Institution
18701 Roxbury Road
Hagerstown, MD 21746

(6)

## CERTIFICATE OF SERVICE

I hereby certify that on this __13th__ day of __September__, 20__16__, a copy of this __CIVIL RIGHTS COMPLAINT W/JURY DEMAND__, was mailed, postage prepaid, to (name and address of the attorney or person to whom you sent it).

(your signature) _Cluon B. Potts Jr._

It is not necessary to state in the certificate of service that copies were sent to the Court or to the Clerk.

Do not file any motions or memoranda that are longer than fifty pages unless you have received permission from the Court. Most motions and memoranda should be much shorter than fifty pages.

You do not have to file copies of exhibits that are already on file in the same case. For example, if the defendants in your case file a motion for summary judgment and attach as an exhibit to their motion a copy of a sick call slip, you do not have to attach a copy of that document to your opposition or to any motions you file. You may simply refer to the copy that is already in the file.

You must sign every pleading, motion, and memorandum that you file. You MAY NOT sign someone else's name, nor may you file anything on behalf of someone else. In order for a pleading, motion, or memorandum to be considered on behalf of more than one plaintiff, each plaintiff must sign it.