UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IVAN POTTS                                        *

                Plaintiff,       *

  v.

                              *   Civil No.: 16-cv-03187-TDC

EVODIO C. HENDRIX, *et al.*,

                              *

             Defendants.   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM FOR INDEMNIFICATION TO THE SECOND AMENDED COMPLAINT

Defendant, the Baltimore City Police Department ("BPD"), by and through its undersigned counsel pursuant to Federal Rule of Civil Procedure 8 and Federal Rule of Civil Procedure 12, hereby answers the Second Amended Complaint (*ECF No*. 26) (hereinafter "the Complaint"), files its affirmative defenses and asserts its cross-claim against co-Defendants Jenkins, Ward and Hendrix, as follows:

    1.    BPD admits the allegation in Paragraph 1 that Plaintiff, Ivan Potts, is an African American male.  The remainder of this paragraph consists of legal conclusions that BPD does not have to answer.  To the extent that BPD is required to answer, BPD denies the remainder of the allegations contained in Paragraph 1.

    2.    Paragraph 2 does not contain an allegation against the BPD.

    3.    BPD denies the first sentence of Paragraph 3.  The second sentence of Paragraph 3 makes reference to the Department of Justice ("DOJ") "Investigation of the Baltimore City Police Department" document published August 10, 2016, and attached as an exhibit to the Complaint.  *See ECF No*. 26-1.  To the extent that Plaintiff's Complaint incorporates by reference factual allegations, findings and conclusions made by the DOJ in its August 10, 2016

1

investigative report, BPD denies all said factual allegations, findings and conclusions as incorporated by reference by Plaintiff in his Complaint.

4. Paragraph 4 does not contain an allegation against the BPD.

5. Paragraph 5 does not contain an allegation against the BPD.

6. BPD admits the allegation in Paragraph 6 that at the time of events described in the Complaint, individual officer Defendants Evodio C. Hendrix, Wayne Earl Jenkins and Maurice Kilpatrick Ward, were law enforcement officers with the BPD.

7. BPD admits the allegations contained in Paragraph 7.

8. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8.

9. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9.

10. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10.

11. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11.

12. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12.

13. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13.

14. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14.

15. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15.

16. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16.

17. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17.

18. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18.

19. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19.

20. BPD is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20.

21. BPD is without sufficient information or knowledge to form a belief about the truth as to the various locations which housed Plaintiff while Plaintiff was incarcerated for actions arising out of the events described in the Complaint. BPD is without sufficient information or knowledge to form a belief about the truth as to the exact date Plaintiff's conviction was vacated. As to the allegation contained in Paragraph 21, that the Baltimore County State's Attorney's Office filed a Motion to vacate Plaintiff's sentence, based on information and belief, BPD believes that the Baltimore City State's Attorney's Office, not the Baltimore County State's Attorney's Office, filed a motion to vacate Plaintiff's conviction for the events described in the Complaint.

22. Paragraph 22 consists of legal conclusions that BPD does not have to answer. To the extent that BPD is required to answer, BPD denies the allegations contained in Paragraph 22.

23. Paragraph 23 consists of legal conclusions that BPD does not have to answer. To the extent that BPD is required to answer, BPD denies the allegations contained in Paragraph 23.

24. Paragraph 24 consists of legal conclusions that BPD does not have to answer. To the extent that BPD is required to answer, BPD denies the allegations contained in Paragraph 24.

25. Paragraphs 24,[1] 25, 26, 27, 28, 29, 30, 31, 32 are direct citations to factual allegations, findings and conclusions made by the DOJ in its investigative report. To the extent Plaintiff incorporates and adopts those factual allegations, findings and conclusions via Paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, BPD denies all said factual allegations, findings and conclusions.

26. BPD denies the allegations contained in Paragraph 33.

27. Paragraphs 34 and 35 are direct citations to factual allegations, findings and conclusions made by the DOJ in its investigative report. To the extent that Plaintiff incorporates and adopts those factual allegations, findings and conclusions via Paragraphs 34 and 35, BPD denies all said factual allegations, findings and conclusions.

28. BPD denies the allegations contained in Paragraph 36.

29. Paragraphs 37, 38, 39, 40, 41 are direct citations to factual allegations, findings and conclusion as made by the DOJ in its investigative report. To the extent that Plaintiff incorporates and adopts those factual allegations, findings and conclusions via Paragraphs 37, 38, 39, 40, 41, BPD denies all said factual allegations, findings and conclusions.

30. BPD denies the allegations contained in Paragraph 42.

31. Paragraph 43 is a direct citation to factual allegations, findings and conclusion as made by the DOJ in its investigative report. To the extent that Plaintiff incorporates and adopts

---

[1] The Complaint contains a duplicate Paragraph 24. *See Pl. Compl.*, *ECF No.* 26, at p.5. This appears to be a typographical error. All citations to Plaintiff's Paragraphs are to the originally numbered paragraphs as they appear in Plaintiff's Complaint, i.e., BPD has not re-numbered any of the Paragraphs herein to account for this error.

those factual allegations, findings and conclusions via Paragraph 43, BPD denies all said factual allegations, findings and conclusions.

30. BPD denies the allegations contained in Paragraph 44.

31. Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 are direct citations to factual allegations, findings and conclusion as made by the DOJ in its investigative report. To the extent that Plaintiff incorporates and adopts those factual allegations, findings and conclusions via Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, BPD denies all said factual allegations, findings and conclusions.

32. BPD denies the first sentence of Paragraph 76. The remainder of Paragraph 76 does not consist of allegations against the BPD.

33. Paragraph 77 does not consist of allegations against BPD.

34. BPD denies the allegations contained in Paragraph 78.

35. Paragraphs 75, 76, 77, 78, 79, 80, 81 comprise Count I of the Complaint (§1983 Unlawful Detention).[2] Count I is asserted only against the individual officer Defendants. BPD adopts and incorporates herein by reference its responses to Paragraphs 1-78, as its response to Paragraph 75. To the extents that Paragraph 80 alleges that the Officer Defendants were acting within the scope of their employment as BPD officers during the events alleged in the Complaint, BPD denies this allegation. The remaining allegations contained in Paragraphs 76, 77, 78, 79, 80, 81 are not asserted against BPD, therefore no admission or denial is required by

---

[2] The numbering of Plaintiff's Paragraphs appears to restart at Paragraph "75" following Paragraph "78". *See Pl. Compl.*, *ECF No. 26*, at p. 19. To this end there are duplicate Paragraphs "75", "76" and "77". *See Id*. at pp. 18-19. This appears to be a typographical error. All references and responses to the Paragraphs of the Complaint are to the numbers as they appear on Plaintiff's Complaint, i.e. BPD has not re-numbered any of the Paragraphs to account for the error.

BPD. To the extent that any allegations in Paragraphs 75, 76, 77, 78, 79, 80, 81 imply any wrongdoing by BPD, BPD denies such wrongdoing.

36. Paragraphs 82, 83, 84, 85, 86, 87, 88 comprise Count II of the Complaint (§1983 Excessive Force). Count II is asserted only against the individual officer Defendants. BPD adopts and incorporates herein by reference its responses to Paragraphs 1-81, as its response to Paragraph 82. Paragraph 87 alleges that the Officer Defendants were acting within the scope of their employment as BPD officers during the events described in the Complaint, BPD denies this allegation. The remaining allegations contained in Paragraphs 82, 83, 84, 85, 86, 87, 88 are not asserted against BPD, therefore no admission or denial is required by BPD. To the extent that any allegations in Paragraphs 82, 83, 84, 85, 86, 87, 88 imply any wrongdoing by BPD, BPD denies such wrongdoing.

37. BPD adopts and incorporates herein by reference its responses to Paragraphs 1-88, as its response to Paragraph 89.

38. BPD denies the allegations contained in Paragraph 90 including all allegations made in sub-part letters "a-l" of Paragraph 90.

39. BPD denies the allegations contained in Paragraph 91 including all allegations made in sub-part letters "a-c" of paragraph 91.

40. Paragraph 92 consists of legal conclusions that BPD does not have to answer. To the extent that BPD is required to answer, BPD denies the allegations contained in Paragraph 92.

41. Paragraph 93 consists of legal conclusions that BPD does not have to answer. To the extent that BPD is required to answer, BPD denies the allegations contained in Paragraph 93.

**FIRST AFFIRMATIVE DEFENSE**

To the extent that co-Defendants Jenkins, Ward and Hendrix violated the Plaintiff's constitutional rights, such acts were committed outside the scope of their employment as members of the BPD, and/or not under the color of law and/or performed with malice or were willful misconduct.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by the doctrine of immunity, including but not limited to, sovereign immunity, qualified immunity, and public official's immunity.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be, whole or in part, barred by the doctrine of assumption of the risk.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be, in whole or in part, barred by contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be, in whole or in part, barred under the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be, in whole or in part, barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be, in whole or in part, barred under the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be, in whole or in part, barred under the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be, in whole or in part, barred due to the Plaintiff's failure to mitigate any alleged damages.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought against BPD because BPD did not act or fail to act as alleged by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that co-Defendants Jenkins, Ward and Hendrix were performing lawful duties as members of the Baltimore Police Department the co-defendants/detectives' actions were privileged and they are entitled to and claim all common law, statutory, and qualified immunities.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in his Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom BPD was not and is not responsible or liable. BPD was not the proximate cause of Plaintiff Potts' injury, nor was his injury caused by a practice, policy or custom of the Defendant.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

BPD reserves the right to assert any other affirmative defense that may arise during the course of this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

BPD generally denies any allegations of wrongdoing and assert further that it has not violated any of the Plaintiff's constitutional rights.

### SEVENTEETH AFFIRMATIVE DEFENSE

Any arrest, search, or detention of Plaintiff Potts was lawful, and any seizures were lawful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

BPD did not act with malice and its actions were objectively reasonable.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, res judicata and collateral estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

BPD cannot be held liable for punitive damages.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

### CROSS-CLAIM: DECLARATORY RELIEF

(DEFENDANTS HENDRIX, JENKINS, AND WARD)

1: BPD asserts this cross-claim, pursuant to Federal Rule of Civil Procedure 13(g) against co-Defendants, Hendrix, Jenkins and Ward.

2: To the extent that the Memorandum of Understanding, FOP Unit I, FY 2014-2016, Article 15 allows for the City of Baltimore or the BPD to indemnify officers of the

Baltimore Police Department for monetary civil judgments rendered against them in actions arising out of the scope of their employment as BPD officers, the allegations as plead in Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, related to the conduct of Defendants Hendrix, Jenkins and Ward, are actions and omissions occurring outside the scope of the officers' employment as law enforcement officers, and acts performed with malice and/or demonstrate willful misconduct.

3:   Therefore, BPD seeks, pursuant to the declaratory judgment act, 28 U.S.C. 2201, *et seq.*, a declaratory judgment, that each and every one of the wrongs alleged by Plaintiff to have been committed by Defendants Hendrix, Jenkins and Ward, jointly and severally, were committed outside of the scope of the officers' employment as BPD law enforcement officers and in pursuit of said officers' private and personal interests.

**WHEREFORE**, having fully answered the Second Amended Complaint filed by Plaintiff, BPD respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in BPD's favor, and the Court declare that the alleged acts and omissions of the three officers occurred outside of the scope of their employment, along with any such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

The Defendant demands a jury trial.

Dated: December 8, 2017

        Respectfully submitted,

        _____/s/_____
        Andre M. Davis
        City Solicitor
        Federal Bar No. 362

        /s/
Michael Comeau
Chief Solicitor
Federal Bar No. 01175

        /s/
Brent Schubert
Assistant City Solicitor
Federal Bar No. 19593

Baltimore City Department of Law
Office of Legal Affairs
City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
443-759-0526 (telephone)
410-396-2126 (facsimile)
Michael.comeau@baltimorepolice.org
Brent.Schubert@baltimorepolice.org

*Attorneys for Defendant Baltimore City Police Department*