# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

IVAN POTTS,

    Plaintiff,

v.

EVODIO C. HENDRIX,
WAYNE EARL JENKINS,
MAURICE KILPATRICK WARD and
BALTIMORE CITY POLICE
DEPARTMENT,

    Defendants.

Civil Action No. TDC-16-3187

## MEMORANDUM ORDER

Plaintiff Ivan Potts has filed suit against Defendants Evodio C. Hendrix, Wayne Earl Jenkins, Maurice Kilpatrick Ward ("the Police Officer Defendants"), and the Baltimore City Police Department ("BCPD") asserting claims pursuant to 42 U.S.C. § 1983 against the Police Officer Defendants for unlawful detention and excessive force based on his allegations that they stopped and detained him without justification, assaulted him, and planted a handgun on his person to justify their actions. As a result of the allegedly planted handgun, Potts was charged with illegal possession of a firearm, convicted on March 2, 2016, and sentenced to eight years of imprisonment. After Potts had served approximately two years of his sentence, his conviction was vacated on April 12, 2017 at the request of the Baltimore City State's Attorney.

On September 19, 2016, before his conviction was vacated, Potts filed his original Complaint in this case alleging § 1983 claims against the Police Officer Defendants. On September 19, 2017, Potts filed the Second Amended Complaint in which he added a § 1983 claim

against BCPD pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that the BCPD's acts and omissions amounted to a *de facto* policy of condoning constitutional violations by its officers.

BCPD has filed a Motion to Bifurcate and Stay Discovery, arguing that discovery and trial on the claims against BCPD should be bifurcated from discovery and trial on the claims against the Police Officer Defendants. Potts opposes the Motion. Having reviewed the parties' submissions, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE to renewal after the close of discovery.

A court may order separate trials of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Only one of these criteria must be met to justify bifurcation. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Once a criterion is satisfied, the court "must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party." *Id.* However, "separation of issues for trial is not to be routinely ordered," Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment; rather, "[e]ach case must be considered in light of its particular facts and circumstances." *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). The decision on bifurcation is committed to the trial court's sound discretion. *Houseman*, 171 F.3d at 1121.

Here, BCPD requests that the Court hold a trial on the Police Officer Defendants' liability first, then hold a separate trial on BCPD's liability in the event that the Police Officer Defendants are found liable. BCPD first argues that such bifurcation is appropriate because Potts's *Monell* claim can succeed only if there is first a finding of individual liability against at least one of the

Police Officer Defendants. Thus, BCPD asserts, bifurcation would preserve judicial resources because a jury verdict in favor of the Police Officer Defendants would obviate the need for a trial on BCPD's liability. However, bifurcation would not necessarily be more efficient, because if Potts were to prevail at a separate trial against the Police Officer Defendants only, it is likely that the witnesses and evidence presented in that first trial would be relevant to the claim against BCPD and would therefore need to be presented a second time in the trial against the BCPD.

Under the particular circumstances of this case, there are several indicators that Potts has a more substantial likelihood of success against the Police Officer Defendants than in the typical § 1983 case, including the facts that (1) the State's Attorney requested that Potts's conviction be vacated; (2) the Police Officer Defendants have pleaded guilty to racketeering conspiracy charges and either admitted to or were found to have planted evidence on innocent people to manufacture charges; and (3) the United States Department of Justice ("DOJ") conducted a review of BCPD policies and practices and identified various unconstitutional practices, including a pattern or practice of making unconstitutional stops, using excessive force, and having inadequate policies, training, and supervision to deter misconduct. Where, under the facts of this case, there is a significant likelihood that Potts will be able to establish liability against one or more Police Officer Defendants, it may be more efficient to have a single discovery period and a single trial on all claims, rather than having two discovery periods and trials. At a minimum, it is premature to conclude that bifurcation of trials would advance, rather than undermine, judicial economy.

BCPD also asserts that, because the *Monell* claim will likely require Potts to introduce evidence of prior police misconduct, separate trials are warranted to avoid prejudice to the Police Officer Defendants and possible confusion by the jury. BCPD further argues that it might be unduly prejudiced by the presentation evidence of individual liability against the Police Officer

Defendants in the same trial. At this point, however, the Police Officer Defendants have not moved for bifurcation or otherwise claimed that a joint trial would unfairly prejudice them. It is not clear how the BCPD would be unfairly prejudiced by a joint trial because evidence of the Police Officer Defendants' alleged misconduct would likely be admissible in a separate trial on the *Monell* claim. At a minimum, it is premature to conclude that either the Police Officer Defendants or the BCPD would be unduly prejudiced by a joint trial. Nor is there yet any basis to conclude that the jury would be confused by the evidence in a manner that could not be remedied by relevant jury instructions. *See generally Conn. v. Johnson*, 460 U.S. 73, 85 n.14 (1983) (noting that courts "must assume that juries for the most part understand and faithfully follow instructions"). There is, however, a risk that bifurcation would unfairly prejudice Potts because it would impose a significant barrier to his ability to pursue a claim against BCPD to vindicate systemic concerns, as he would have to undertake two separate trials to do so. Without a fuller understanding of the record after discovery on all issues, the Court cannot properly evaluate whether the potential prejudice to particular parties weighs for or against bifurcation in this particular case.

As for discovery, under the specific circumstances of this case, where DOJ has already collected documents relevant to BCPD's policies and practices, and Potts has stated that his discovery requests on the *Monell* claim will be limited to a request for the previously assembled documents from the DOJ investigation, there is no compelling need to bifurcate discovery to conserve the resources of the parties.

Accordingly, it is hereby ORDERED that the Motion to Bifurcate and Stay Discovery, ECF No. 67, is DENIED WITHOUT PREJUDICE. Should the Parties require more time to complete discovery on the *Monell* claim in light of the Court's determination, they should file a

Motion requesting a modification of the scheduling order, with a joint proposal for a revised schedule, within 21 days of the date of this Order.

Date: December 7, 2018


THEODORE D. CHUANG
United States District Judge